| | | |
|---|---|---|
| VALERIE ARROYO | ) | |
| | ) | |
| Plaintiff | ) | NOTICE OF REMOVAL |
| | ) | |
| v. | ) | Wake Co. Superior Court |
| | ) | State of North Carolina |
| STATE OF NORTH CAROLINA; | ) | 22 CVS 3004 |
| UNITED STATES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:   The Judges of the United States District Court
for the Eastern District of North Carolina

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant State of North Carolina respectfully submits this Notice of Removal of the above-captioned case from the jurisdiction of the State of North Carolina, Superior Court for Wake County (Civil Action No. 22 CVS 3004), to this Honorable Court.

In support of this Notice, Defendants state the following:

PROCEDURAL BACKGROUND AND RELEVANT ALLEGATIONS

1.      The State of North Carolina is a named Defendant in the civil action entitled *Valerie Arroyo v. State of North Carolina, United States*., Case No. 22 CVS 3004.  The civil action was brought against the Defendants by a Summons and Complaint filed on March 8, 2022, in the General Court of Justice, Superior Court Division, Wake County North Carolina.

2. On or about March 28, 2022, the North Carolina Department received a copy of the Summons and Complaint via U.S. Certified Mail.

3. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process, pleadings, and orders served on the Defendants is attached hereto as Exhibit 1 to this Notice of Removal, and incorporated herein by reference. These documents constitute the pleadings to date.

4. Plaintiff's alleged claims arise out of five separate judicial proceedings that took place in both federal and state courts in North Carolina, and the issuances of preliminary injunctions in those proceedings.

FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as it is apparent from Plaintiff's complaint that this action arises under and presents questions of federal law. Specifically, Plaintiff alleges claims for violation of her rights to due process under 42 U.S.C. §§ 1981, 1983, and 1985. Accordingly, Defendants may remove the action to this Court. *See* 28 U.S.C. § 1441(a).

6. Plaintiff also asserts claims arising under state common law, specifically, negligence, unfair and deceptive practices, civil conspiracy, and "emotional duress." Plaintiff's state law claims may be removed pursuant to the Court's supplemental jurisdiction. Because the Court has original jurisdiction over Plaintiff's federal claims, the Court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Federal and state law claims that "derive from a common nucleus of operative fact" form a single constitutional case for the purpose of subject matter jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (internal quotation omitted).

7. Plaintiff's non-federal claims (Counts II, III, IV and V) arise out of the common nucleus of operative fact as Plaintiff's federal claims (Counts I, VI, and VII). Accordingly, this Court has supplemental jurisdiction over Plaintiff's state-law claims.

## NOTICE OF REMOVAL IS TIMELY

8. The State of North Carolina was served on March 28, 2022.

9. Removal is timely under 28 U.S.C. § 1446(b).

## VENUE

10. Venue is proper because the Eastern District of North Carolina includes the Superior Court of Wake County, North Carolina, where this suit was originally filed. 28 U.S.C. §§ 113(a), 1441(a).

11. Venue is also proper because the Eastern District of North Carolina is where the events occurred that give rise to this action occurred in this judicial district. 28 U.S.C. § 1391(b).

## UNANIMOUS CONSENT TO REMOVAL

12. Pursuant to 28 U.S.C. § 1446(b)(2), undersigned counsel certify that all Defendants named in the state court action who have been served at the time of filing consent to and join in this Notice of Removal.

13. Further, the Office of the Attorney General for the State of North Carolina is representing all Defendants for the limited purpose of protecting all Defendants' rights concerning jurisdiction and removal of this matter. N.C.G.S § 143-300.2, *et. seq.*

## NOTICE TO PLAINTIFF AND STATE COURT

14. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal will be served on Plaintiff and filed promptly with the Clerk of the Superior Court for Wake County.

## NON-WAIVER OF DEFENSES

15. By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them and expressly reserve all such defenses, objections, and motions.

WHEREFORE, Defendant, the State of North Carolina, respectfully gives notice that the above-styled action pending in the Superior Court for Wake County, North Carolina, has been removed therefrom to this Court and that this Court has full jurisdiction over the claims herein as provided by law.

This the 25th day of April, 2022.

JOSHUA H. STEIN
ATTORNEY GENERAL

/s/ Matthew Tulchin
Matthew Tulchin
Special Deputy Attorney General
NC State Bar No. 43921
mtulchin@ncdoj.gov
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6900

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this day served the foregoing NOTICE OF REMOVAL in the above-captioned case on all parties to this cause by depositing a copy hereof, postage prepaid, in the United States mail as follows:

Valerie Arroyo
P.O. Box 5579
Concord, NC  28027


This the 25th day of April, 2022.


<u>/s/ Matthew Tulchin</u>
Matthew Tulchin
Special Deputy Attorney General