FILED
MAY 26 2022
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
DEP CLK

IN THE U.S. DISTRICT COURT FOR
THE EASTERN DISTRICT IN GREENVILLE, NORTH CAROLINA
OF THE WESTERN DISTRICT

| | | |
|---|---|---|
| VALERIE ARROYO, | * | |
|     Plaintiff, | * | **PLAINTIFF'S MEMORANDUM OF LAW** |
| | * | **IN SUPOORT FOR ITS MOTION** |
| V. | * | **FOR PRIMINARY INJUNCTION** |
| | * | |
| STATE OF NORTH CAROLINA, DEPT. | * | |
| OF JUDTICE, AND UNITED STATES | * | **FRCP RULE 65** |
|     Defendant(s) | * | |

**********************************

Pursuing to Rule 65, of the Federal Rules of the Civil Procedures, Plaintiff Valerie Arroyo, files a sworn verified civil complaint with demand for jury trial and motion for preliminary injunction with Clerk of Court of the Wake County Superior Court, proper service completed on March 28, 2022 on all Defendant(s). In support, the Plaintiff moves to show this Court the following:

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . Pgs. 2

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . Pgs. 2

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . Pgs. 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . Pgs. 2-10

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . Pgs. 10-11

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . Pgs. 11-13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . Pgs.13

## TABLE OF AUTHORITIES

**CASES**

**PRELIMINARY INJUNCTION STANDARDS ISSUANCE**

Ridge Cmty. Investors, Inc. v. Berry, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977).

**STATUTES**

FRCP RULE 65

Art. 37, Chapter 1, of the N.C.G.S.

N.C.G.S. §§ 1-485, 1-486, 1-496, et al

## INTRODUCTION

1. STATEMENTS OF FACTS

In 2016, Plaintiff files a sworn civil verified civil complaint with a demand for jury trial against her former attorney Daniel J. Zamora, who licensed by the North Carolina State Bar for unfair and deceptive practices, fraud, investment fraud, contract violations, and failure to provide his fiduciary duties and responsibilities under the Rule 84, of the North Carolina General Statutes. During the court proceedings, the Plaintiff discovered Defendant Zamora did not use the Plaintiff funds for $30,000 for investment on her behalf, but for his personal affairs and investment for his family. Another $30,000.00 for his own investment in the real estate investment with Pittenger's Land Investment, PllC. There were two real estate investments with former N.C. Rep. Robert Pittenger, Jr and David Hoffman, of the Hoffman

2

Realty Group, and several investments for local lounges and businesses who would not be able to get loans from banks.

During the court proceedings, Judge Hughes B Lewis, of the Mecklenburg County Superior Court Resident Judge at the time dismiss the case with prejudice without any equal or fair due process, protection or treatment, any evidence or jury trial or opportunity to seek justice and relief without any discrimination, judicial abuse of discretion, conflict of interest and prejudice. Mecklenburg County Superior Court of Administration scheduled mediation after the case received an unjust and improper summary judgment and closed. Court accepted bad faith, illegal evidence knowingly and intentional submitted by another license attorney Chad T. Diamond on behalf of Daniel J Zamora. After the FBI attorney, Aaron Tick, of the Charlotte Division, along with other State, Government, Public officials, Court Administrative, and Chad T. Diamond on behalf of his client without any legal representation present on behalf of the Plaintiff or anyone appearing on behalf of the Plaintiff.

In March 2017, Plaintiff files a civil right violation sworn civil complaint with federal questions and demand for jury trial against several State government, state, public officials individuals and against state agencies, commissioner and State of North Carolina with the Clerk of Court, of the U.S. District Court Western District Court of North Carolina in the Charlotte Division. During those court judicial proceedings, case assigned to Judge Frank D. Whitney and Magistrate David Kessler, who entered a final interlocutory order dismissal with prejudice, stating case frivolous, failure to provide

3

any hearings, equal or fair due process, protection and treatment, no opportunity to seek discovery, depose any witnesses, receive sworn answer to the complaint or jury trial as demand.

Judge Frank D. Whitney enters a permanent and preliminary injunction against Plaintiff, due to Plaintiff's filing timely motion to reconsider, motion for new trial and notice to appeal without any oral arguments, court hearings, sworn affidavit or verification evidence. Judge Whitney never had any legal grounds, merit or stances to issue an injunction according to the rule of law.

In 2019, this matter began as a small claim action against the Plaintiff's husband for monetary ejectment, by previous property owner for failure to pay rent. Plaintiff paid the landlord the rent on time for more than the amount due, Magistrate Broome, enters an judgment against the Plaintiff 's husband despite the evidence, and the landlord admitting to receiving the payment, held it for five days and then filed a false complaint anyway.

Plaintiff and her husband hired an attorney for legal representation, Christopher Vann, of the Vann Law firm. Mt. Vann withdraw from the case on jury trial day, due to Mr. Vann wants more money after the court rule in favor of the Plaintiff. Mr. Vann realizes Plaintiff has a good case, relief is worth more, Attorney wants to increase the fee after half of the fees agreed upon and half of the fees paid by the Plaintiff before the Mr. Vann appeared. On the trial day, Mr. Vann informs the court that the opposing counsel did not have time to prepare for trial, due to the pre-trial conference order issued three day prior; and when both attorneys

4

appearance at the pre-trial hearing, the order states that both opposing counsel agreed to the order,

Plaintiff's attorney fails to request for any other relief, which Mr. Vann should of motion for the unjust and improper judgment of ejectment be vacate, which he did not motion. This order will not be a reason for a delay or prevent jury trial scheduled for next week. Judge Steven A. Grossman fails to read the pre-trial order and grants the motion to reschedule the case for the next jury trial session despite the Plaintiff's arguments and evidence. Mr. Vann withdraw from the case, by making false allegations to this Cabarrus County District Court, which is a violation of the Rule 84, and the Rule of Code of Conduct by the North Carolina State Bar, North Carolina General Statutes and North Carolina Rules of the Civil Procedures.

On June 22, 2021, Judge Steven A Grossman, of the Cabarrus County District Court enters an permanent preliminary injunction against the Plaintiff, due to Plaintiff files civil complaint against the landlord, due to emotional, financial duress, unfair and deceptive practices, perjury, filing a false complaint. Judge Grossman enters preliminary injunction against the Plaintiff, after stating the Plaintiff has no interest in the case, no sworn affidavit, no verification complaint or motion, no evidence showing the Plaintiff violate any laws or her actions cause harm to the public. Judge Grossman enters the preliminary injunction, due to the Plaintiff's motion to recuse himself, due to his abuse of discretion, which deprives the color of the law, violations the civil and federal rights, conspiring with the opposing counsel to conceal the

5

obstruction of justice by the property owner. Case never receive a jury trial in four years. Order of the preliminary injunction enjoins the Plaintiff for (1) one year, from filing any pleadings in Cabarrus County Court against the Triangle Cloister Inc, Luz Gordon, Dan and Herman Ratchford unless it has first approved by a Cabarrus County Judge or a license North Carolina attorney. Attorney must certifies the filing in compliance with Rule 11, of the North Carolina Rules of the Civil Procedures.

The order states an attorney must certificate stating such of the pleading. Pursuing to the rule of law, this order violates the Plaintiff's right to defend herself in any administrative or civil judicial proceedings under 28 U.S.C. $ 1654. Plaintiff files another sworn civil complaint in 2021, See Case # 21-CVD- 1990, Valerie Arroyo v. Triangle Cloister of Concord, et al. Court docket the case, assigns the case to Judge Knotts, and the case schedule for jury trial for March 07 2022. On February 23, 2022, Judge Knotts enters an order of dismissal with prejudice under Rule 12 (b) failure to state a claim, without any notice of appearance by counsel, no answer, or sworn affidavit or certify pleadings, or evidence without any jury trial as demand, or opportunity of equal and fair due process, protection and treatment.

In 2020, Plaintiff files two sworn civil complaints in the Mecklenburg County Superior Court See Case# 20-CVS-1104 and 20-CVS-1105 with Clerk of Court, against City, County, Federal, Government, State and Public Officials, summons issued and served in compliance with Rule 4 and 5, of the North Carolina Rules of the Civil

6

Procedures. In September 2020, the U.S. Attorney General of the Western District Court James Gatehouse, Asst. Attorney General along with all of the other Defendant(s) counsel remove the case from the State court to District under 28 U.S.C. §§ 1441 and 1442 Notice of Removal on Case# 20-CVS-11044, Arroyo, Valerie v. Vi Lyles, et al

Case docketed into the U. S. Western District Court in North Carolina Charlotte Division, assigned to Judge Frank D. Whitney without any application of supplemental, any order granting removal, without any hearing, no opportunity to address any oral arguments, subject matter jurisdiction during the judicial proceedings. Pursuing to the evidence of the court records, transcripts, docket sheet, and the judicial abuse and interference, which deprives the color of the law, and shows equal and fair due process, protection, treatment, and jury trial as demand.

Case resulted in the same matter in March 2017, case dismissed as frivolous, with permanent preliminary injunction against the Plaintiff without any sworn answer, complaint, sworn affidavit, pleadings, verification or evidence of the Plaintiff's motion or pleadings or memorandum in support of objection of the Defendant(s) motions and pleadings. Preliminary injunction order enjoins the Plaintiff for (1) one year, from filing any pleadings in the above case without any certified license North Carolina attorney. Attorney must certifies the filing in compliance with Rule 11, of the North Carolina Rules of the Civil Procedures. Plaintiff is advised that any filing that made in violation of this Order may be punishable as a contempt of this Court and could result in further sanctions, which could include

7

imprisonment. In event, the Plaintiff files papers in violation of this Order, upon such notice, the Clerk of Court will under authority of this Court, immediately and summarily strike the pleadings or filings. This order, violates the Plaintiff's civil and federal rights, due to the Plaintiff has a right to seek opportunity to receive justice and relief without any licensed attorney pursuing to 28 U.S.C. $ 1654 and Rule 38, of the Federal Rules of the Civil Procedures. Case dismissed permanently without any jury trial, appeal dismissed without any equal or fair due process or opportunity for any hearing, review or any final judgment. Court records, no transcripts due to no hearing opportunity, docket sheet, and actions shows preponderance of evidence that this case received abuse, conflict of interest, deprives color of the law, discrimination, error of law, judicial, public interference, prejudice.

In 2021, the North Carolina State Bar files a civil complaint and motion for permanent and preliminary injunction with an invalid sworn affidavit, verification that does not state the Plaintiff found guilty of any civil or criminal crime by the State of North Carolina Attorney General or Department of Justice of the State of North Carolina. No witnesses or evidence that shows or proof of the Plaintiff practice law. Plaintiff file out a form for her husband, business partner and herself with the North Carolina Industrial Commission, all of the individuals argued their own case, all of the individual's cases dismissed by the same Deputy Commissioner without any equal or fair due process, protection, treatment, any evidences, sworn answer, good faith pleadings, or any jury trial as demand.

8

Case 5:22-cv-00161-FL   Document 22   Filed 05/26/22   Page 8 of 15

In August 2021, Plaintiff files an answer, motion to dismiss and sworn counterclaim against the North Carolina State Bar with demand for jury trial, served the Defendant in compliance with Rule 5, of the North Carolina Rules of the Civil Procedures. Defendant files motion to dismiss the Plaintiff's counterclaim pursuing to Rule 12 (b) (6). In October 2021, Wake County Superior Court Judge Andrew, rule that the Plaintiff's motion for dismissal denied under N.C.G.S. $ 84-37.

In 2020, Deputy Counsel Woodard, of the North Carolina Industrial Commission contact the Plaintiff in reference to a complaint filed by David M Hullendar, Deputy Commissioner. After a brief investigation, that deputy commissioner dismiss the complaint, never heard anything else about the complaint.

In March 2021, Plaintiff and her husband files a civil sworn complaint against the (26) twenty-six Defendant(s), with the U.S. District Court for the Middle District of North Carolina. See Case# 1:21-cvd-00219-CCP-JEP, Arroyo, et al v. Southwood Realty, et al.

Defendant(s) includes North Carolina State bar, North Carolina Industrial Commission, North Carolina Attorney General, Department of Justice, and Cabarrus County Superior Court Administration, City of Concord, Cabarrus County Board of Commissioner. Along with several attorneys licensed and their law firms register or contract under the State of North Carolina, real estate property owners, Cabarrus County Magistrate, several law firms, clerk of court of the Cabarrus County Superior Court for civil rights violation, federal question, along with other allegation with a demand for jury trial.

9

In September 2021, U.S. District Judge Catherine C. Eagles dismiss the case without prejudice. Magistrate order and recommendation without any equal or fair due process, order states the Judge dismiss all federal claims without any hearing or jury trial and refuse to grant supplemental jurisdiction. Plaintiff file an appeal with the U.S. Court of Appeals for the Federal Circuit, that case transfer to the U.S. Court of Appeal for the Fourth Circuit without any court order, jurisdiction panel hearing, and case dismissed due to subject matter jurisdiction issues.

On January 12, 2022, the opposing counsel David R Johnson, Deputy Counsel, of the North Carolina State Bar submits into evidence the complaint from the U. S. District Court for the Middle District of North Carolina without any arguments, oral explanation into this Case. Senior Resident Judge Paul C Ridgeway fails to disclose to the Plaintiff how a case can be remove from District to State without filing any court documentation or court order by any court.

During the judicial proceedings, Judge Ridgeway states his only reason for his appearance is to issue a permanent and preliminary injunction against the Plaintiff, despite any argument or any jury trial demand or evidence showing the Plaintiff is guilty for any civil or criminal act.

2. SUMMARY OF ARGUMENT

Pursuing to Rule 65, of the Federal Rule of the Civil Procedures and Rule 65, of the North Carolina Rules of the Civil Procedures and Art. 37, Chapter 1- 485, et al of the North Carolina General Statutes, these Court should issue a permanent or preliminary injunction when an

10

individual by sworn affidavit, a valid verification by an individual
who knows, evidence or witnesses testimony stating or proving illegal
civil or criminal act by the Plaintiff. All of these injunctions shows
abuse its discretion, which deprives the color of the law, or prevents
the Plaintiff the opportunity to receive a jury trial where the
evidences will prove the allegations.

Preliminary injunction are interlocutory nature, and are shown as
abuse of discretion, which deprives the color of the law, due to
Plaintiff files several motions, pleadings to have these case reopen,
remand or request for a jury trial or new trail, due to incompetent
unequal and unfair bench trial. Final judgments or not final
judgements issued these injunctions deprives the plaintiff right to
receive justice and relief. Clark v. Craven Reg'l Med. Auth., 326 N.C.
15, 23, 387 S.E.2d 168, 173 (1990) (citation and quotation marks
omitted). All of these injunctions are appealable by de novo, error of
the law very recognizable and show good cause to vacate them and
request the lower court to proceed with jury trial according to the
rule of the evidence law.

3. ARGUMENTS

Pursuing to the Rule of law, the Defendant(s) never submitted any
legal sworn affidavits, or verification or evidence that shows the
Plaintiff's actions or misconduct violate any civil or criminal act or
law. Plaintiff being a citizen of the State of North Carolina,
citizen of the U.S. of America and a certified public official of the
State of North Carolina has a right to seek justice and relief against

11

any individual who cause damages, harm or irreparable injuries through a civil court in the United States.

Court records, transcripts, docket sheets and evidence without any abuse, conflict, discrimination, or perjury by any judicial or public official under the U. S. Constitution. Pursuing to the Act of congress, executive, federal, government, state, regulations, ordinance and statutory laws provides the Plaintiff a right to jury trial, equal and fair due process, and the right to defend herself in any administrative or civil judicial proceedings. Plaintiff file sworn civil complaints, timely responses, motions, pleadings and arguments has merit, validation and the preponderance of evidence to prove the unconstitutional and unethical misconduct by several officials,. These Defendant(s) fails to perform his or her duty and responsibilities, while acting in his or her official capacity, they took an oath under the U.S. Const. before entering into his or her official capacity to act, conduct, protect, serve and uphold the U.S. Constitution of America, not the North Carolina State Constitution.

These permanent and preliminary injunction affect the Plaintiff substantial rights, all of the attorneys under the State of North Carolina used those unjust and improper injunction in all of the civil cases file in the U.S. District Court and State Courts, even though the statutes of limitation is over. See Case# 1:21-CV-818- KCD, Arroyo v. United States, and all of the State of North Carolina administrative and civil cases.

In all of the civil cases, Plaintiff has a right to bring a civil complaint according to the rule of law, in every case; the evidence shows error of law, bad faith by the opposing counsel, judicial and public interference. Courts abuse of discretion, which deprives the color of the law, and the court, fails to provide equal and fair due process, protection and treatment under the U.S. Constitution. There should be a civil complaint, an answer, initial attorney conference, case management order, discovery process, pre-trial conference and jury trial, which did not, occurred in any of the administrative or civil cases involving the Plaintiff or her husband.

Pursuing to the U.S. Const. the Plaintiff has a right to enjoy life, liberty and property, and her husband issues are her issues they are married she has interest. The Court, these individuals are causing emotional, financial and mental duress, due to her husband disability does not allow him to understand why she paid his rent and he has two judgments against him, which the Court does not want to vacate knowing the judgment is unjust and improper.

4. CONCLUSION

There is no evidence showing the Plaintiff violated any administrative, civil or criminal act under the State or federal laws, the State of North Carolina Attorney General, U.S. Attorney General or Prosecutors never brought any charges against the Plaintiff or her husband. All of these permanent or preliminary injunctions deprives the Plaintiff the color of the law, delays and prevent all of these civil cases to jury trial to receive justice and relief equally and fairly.

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's Memorandum in Support of Preliminary Injunction served by 1st class mail upon the counsel for Defendant(s) through the United States Postal Service.

Memorandum is in compliance with the word count and page allowed

Matthew Tulchin
North Carolina Department of Justice
114 West Edenton Street,
9901 Mail Services Center
P. O. Box 629
Raleigh NC 27602
Attorney on Record

&

Sharon C. Wilson
United States Attorney Office
Eastern District of North Carolina
150 Fayetteville Street, Ste. 2100
Raleigh NC 27601

This 24th day of May 2022

Valerie Arroyo, Pro Se
P.O. Box 5579
Concord NC 28027
Phone# 704-506-1526

15

Case 5:22-cv-00161-FL   Document 22   Filed 05/26/22   Page 14 of 15

**WHEREFORE,** Plaintiff prays for this Court the following

1. Enter an preliminary injunction order that enjoins all these opposing counsel and Defendant(s) to comply with the rule of law by filing an answer, good faith pleadings and motions
2. Enter an order enjoining the Defendant(s) or this Court from issuing an unjust and improper permanent or preliminary injunction against the Plaintiff without a jury trial or valid sworn affidavit and equal and fair due process
3. Enter an order taxing all Defendant for all court cost and fees in this matter
4. Enter an order for any other relief this court finds deem just and proper as rule of law

Respectfully submitted on 25th day of May 2022,

_____
Valerie Arroyo, Plaintiff
P.O. Box 5579
Concord NC 28027
Phone# 704-506-1526


STATE OF NORTH CAROLINA

COUNTY OF CABARRUS

Sworn to and subscribed before me, this

The 25 day of MAY 2022.

Amira Mourdi
Notary Public
Mecklenburg County
North Carolina
My Commission Expires 7/2/2023

_____
Notary Public

My Commission Expires: July 2 2023

14