IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-161-FL

| | | |
|---|---|---|
| VALERIE ARROYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| STATE OF NORTH CAROLINA, | ) | |
| Department of Justice, and UNITED | ) | |
| STATES, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on a myriad of motions including:

1) Plaintiff's motion to remand (DE 15);

2) Plaintiff's motion for preliminary injunction (DE 22);

3) Plaintiff's objection to the court's August 9, 2022, order (DE 47);

4) Defendant North Carolina's motion to dismiss pursuant to Federal Rules of Civil

   Procedure 12(b)(1), (2), and (6) (DE 30); and

5) Defendant United States's motion to dismiss pursuant to Rules 12(b)(1) and (6) (DE

   18).

For the following reasons, defendants' motions are granted and plaintiff's motions are

denied.

## BACKGROUND

Plaintiff commenced this action pro se March 8, 2022, in the Superior Court of Wake County, North Carolina, alleging that various federal and state judges have violated her constitutional and civil rights and committed torts against her by issuing injunctions against plaintiff.

The facts alleged in the complaint, supplemented where necessary by facts of public record,[1] may be summarized as follows. Plaintiff has pursued multiple cases in both federal and North Carolina state courts. This case stems from sanctions imposed upon plaintiff by three of those courts: 1) the United States District Court for the Western District of North Carolina; 2) Cabarrus County District Court; and 3) Wake County Superior Court.

The United States District Court for the Western District of North Carolina imposed prefiling injunctions upon plaintiff after she made "numerous frivolous filings with no good faith basis under the law," (see Ex. C to United States Mem. (DE 19-3) at 20), and again after she filed "seventeen frivolous motions over the course of nine months." (See Exhibit 4 to United States Mem. (DE 19-4) at 26).

Cabarrus County imposed a prefiling injunction against plaintiff when she disregarded "verbal admonitions in open Court and. . . written orders" and "persisted in filing pleadings. . . which ha[d] no basis in law or fact." (See Ex. C to Pl. Mem. (DE 22-3) at 3).

Wake County issued a preliminary injunction against plaintiff barring her from engaging in the unauthorized practice of law. (See Ex. D to Pl. Mem. (DE 22-4)).

---

[1] The court is permitted to take judicial notice of public records in its review of a motion to dismiss. See Goldfarb v. Mayor & City Council of Baltimore, 791 F.3d 500, 506 (4th Cir. 2015); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

She seeks to enjoin defendants from issuing further injunctions. In addition, plaintiff requests among other things that the court order the United States Congress, the United States Senate, or a federal agency to investigate the United States Department of Justice. Additionally, she seeks to reopen her previous cases in state and federal court, and other unspecified declaratory, equitable, injunctive, and monetary relief.

Upon removal, plaintiff filed the instant motion to remand the case. Thereafter, defendant United States filed its motion to dismiss on grounds the court lacks subject matter jurisdiction due to sovereign immunity and plaintiff's asserted failure to state a claim upon which relief can be granted. Defendant North Carolina similarly argues in support of its motion that this court lacks subject matter jurisdiction and plaintiff has failed to state a claim upon which relief can be granted. This defendant also relies in support of its motion upon limits imposed by the Eleventh Amendment barring plaintiff's attempted claims against it.

## COURT'S DISCUSSION

A.     Plaintiff's Motion to Remand (DE 15)

Plaintiff asserts that remand is required due to defects in defendants' removal procedure. In particular, plaintiff argues that defendants' removal was improper because defendants did not send any notification to the state court in which this action originated.

The federal removal statute requires that defendants file their "notice of removal" "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. §1446(a). "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

3

Defendant United States filed notice in the Wake County Superior Court on April 27, 2022. See Exhibit 4 to United States Notice of Removal. (DE 10-4). Accordingly, plaintiff's motion must be denied where court records contradict her asserted basis for remand.

B.     Defendants' Motions to Dismiss (DE 18, 30)

Turning to defendants' motions seeking dismissal, the court focuses upon their shared defenses under Rule 12(b) of the Federal Rules of Civil Procedure. Challenge to this court's subject matter jurisdiction predicated on Rule 12(b)(1) may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).[2]

Where a defendant raises a "facial challenge[] to [subject matter jurisdiction] that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

With regard to their defense predicated upon Rule 12(b)(6), it is well-settled that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

---

[2]     Internal citations and quotation marks are omitted from all citations unless otherwise specified.

4

<u>Twombly</u>, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 255 (4th Cir. 2009).

1.      Claims Against United States

"As a general matter, the United States is immune from suit unless it waives that immunity." <u>Sanders v. United States</u>, 937 F.3d 316, 327 (4th Cir. 2019); <u>see also</u> <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 475 (1994) (explaining that "[s]overeign immunity is jurisdictional in nature" and thus "the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit"). "Waivers of the [United States'] sovereign immunity, to be effective, must be unequivocally expressed," <u>United States v. Nordic Vill. Inc.</u>, 503 U.S. 30, 33 (1992), and are typically accomplished through statute. <u>See, e.g.</u>, <u>Loeffler v. Frank</u>, 486 U.S. 549, 554 (1988).

Plaintiff offers three statutory bases for her claims: 42 U.S.C. §§ 1981, 1983, and 1985. None of these statutes, however, waives the United States's sovereign immunity. § 1981 protects only against "nongovernmental discrimination and impairment under color of State law." <u>42 U.S.C. § 1981(c)</u>. § 1983 does not apply to federal actors. <u>See, e.g.</u>, <u>Doe v. Rosa</u>, 795 F.3d 429, 436 (4th Cir. 2015) ("Section 1983 imposes liability on <u>state actors</u> who cause the deprivation of any rights, privileges, or immunities secured by the Constitution." (emphasis added). And "the United States is not a person within the meaning of § 1985." <u>Proffitt v. United States</u>, 758 F. Supp.

5

342, 345 (E.D. Va. 1990); see also 42 U.S.C. § 1985 (contemplating conspiracies by "two or more persons in any State or Territory"); cf. United States v. Cooper Corp., 312 U.S. 600, 605 (1941) ("[O]ften the word 'person' is used in such a sense as not to include the sovereign[.]").  There is no indication under any of these three statutes that Congress intended to waive sovereign immunity.

In addition and in the alternative, plaintiff's claims against the United States are subject to dismissal for failure to state a claim upon which relief can be granted, where plaintiff's claims against the United States are premised upon actions by a federal judge.   In his role as a judicial officer, the judge is immune absolutely to suit and damages when acting within his judicial capacity, barring certain exceptions not implicated here.  Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam) (explaining that judicial immunity is overcome only where actions are not taken in the judge's judicial capacity and where actions, though judicial in nature, are taken in the complete absence of all jurisdiction).

Plaintiff has not alleged that the United States District Court Judge acted outside his judicial capacity, and it would be difficult to argue that he did so where issuing injunctions is a "paradigmatic judicial act" to which absolute immunity applies.  Forrester v. White, 484 U.S. 219, 227 (1988).  Nor could it be said that the judge acted in complete absence of jurisdiction when presiding over a case in the venue plaintiff herself had chosen.

Accordingly, plaintiff's claims against the  United States must be dismissed.

2.      Federal Claims against North Carolina

States, due to "their sovereignty," are "immun[e] from suit" and "may be subject to suit only in limited circumstances," such as when "a State . . . consent[s] to suit." PennEast Pipeline Co., LLC v. New Jersey, 141 S. Ct. 2244, 2258 (2021).   Congress also possesses the "power to

6

abrogate sovereign immunity" to enforce the Fourteenth Amendment.  United States v. Georgia, 546 U.S. 151, 159 (2006).

Plaintiff claims that she is entitled to relief for federal claims under 42 U.S.C. §§ 1981, 1983, and 1985.  Though plaintiff does not specifically allege that Congress abrogated state sovereign immunity through any of these statutes, this court will evaluate her claim as if she had done so because "a pro se complaint. . . must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

None of the statutes plaintiff cites have any effect on defendant North Carolina's sovereign immunity over those claims. Section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."  Jett v. Dallas Independent School District, 491 U.S. 701, 705 (1989).  But "a State is not a 'person' within the meaning of § 1983." Proffitt, 758 F. Supp at 345.  Similarly, § 1985 provides no basis to conclude that Congress abrogated state sovereign immunity.  As such, plaintiff's federal claims are barred on the basis of sovereign immunity and, additionally, must be dismissed for lack of subject matter jurisdiction.

3.      State Law Claims against North Carolina

Plaintiff asserts that she is entitled to relief from North Carolina on various state law tort grounds, including negligence, deceptive practices, civil conspiracy, emotional distress, violation of her civil rights, and racial injustice.

"State sovereign immunity is based on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends."  Stewart v. North Carolina, 393 F.3d 484, 488 (4th Cir. 2005).  As such, North Carolina is protected by suit for tort claims to the extent it has "not consented to suit in its own courts for the relevant claims

7

asserted." Id. at 490. For those claims asserted by plaintiff other than negligence, there is no basis under North Carolina law for finding North Carolina has consented to suit. See Id. Accordingly, plaintiff's state law claims against North Carolina other than negligence are dismissed for lack of subject matter jurisdiction on the basis of sovereign immunity.

"As to claims sounding in negligence, North Carolina has vested exclusive jurisdiction in the North Carolina Industrial Commission." Id. at 490 n.3 (citing N.C. Gen.Stat. § 143–291(a)). If a remedy is provided by statute, a plaintiff "must not only resort to the remedies that the Legislature has established but he must do so at the time and in the manner that the statute and proper regulations provide." Prudential Ins. Co. of Am. v. Powell, 217 N.C. 495, 8 S.E.2d 619, 622 (1940).

In pertinent part, the North Carolina Tort Claims Act ("NCTCA"), N.C. Gen. Stat. § 143-291, provides that "the North Carolina Industrial Commission" is the sole venue "for the purpose of hearing and passing upon tort claims against. . . departments, institutions and agencies of the state." Id. Plaintiff has not filed a complaint with the North Carolina Industrial Commission as required by the NCTCA. Because plaintiff has failed to meet a condition precedent to the institution of an action against North Carolina based upon negligence, such claims must be dismissed for failure to state a claim upon which relief can be granted. See Stewart, 393 F.3d at 490; see also Cowgill v. First Data Technologies, 41 F.4th 370, 378 ("failure to exhaust administrative remedies warrants dismissal under Rule 12(b)(6)").

In sum, plaintiff's state law claims against North Carolina also must be dismissed.

C.      Plaintiff's Remaining Motions (DE 22, 47)

In light of this court's ruling dismissing all causes of action against all defendants, Plaintiff's motion for preliminary injunction and motion objecting to this court's August 9, 2022,

order necessarily are denied as moot.  To the extent her motion objecting to the prior order sounds

as a motion to reconsider, for lack of grounds it is denied.

## CONCLUSION

Based on the foregoing, plaintiff's motion to remand (DE 15) is DENIED, and defendants'

motions to dismiss (DE 18, 30) are GRANTED.    Plaintiff's motion for preliminary injunction

and motion objecting to this court's August 9, 2022, order (DE 22, 47) are DENIED.  The clerk is

DIRECTED to close this case.

SO ORDERED, this the 7th day of October, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge