IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CV-161-FL

| | |
|---|---|
| VALERIE ARROYO, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| STATE OF NORTH CAROLINA, Department of Justice and UNITED STATES; | ) |
| Defendants. | ) |

This matter comes before the court on pro se plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) and motion for new trial pursuant to Federal Rule of Civil Procedure 59(a). (DE 106). The issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

The relevant procedural history and facts of the case are as follows. Plaintiff commenced this action pro se March 8, 2022, in the Superior Court of Wake County, North Carolina, alleging that various federal and state judges violated her constitutional and civil rights and committed torts against her by issuing injunctions against plaintiff. Defendant North Carolina removed the case to this court April 25, 2022. Plaintiff filed a motion to remand May 13, 2022 and a motion for preliminary injunction May 26, 2022. Defendant United States filed a motion to dismiss for lack of jurisdiction and defendant North Carolina filed a motion to dismiss for failure to state a claim, sovereign immunity, and lack of subject matter and personal jurisdiction on May 27, 2022.

By order entered October 7, 2022, the court granted defendants' motions and denied plaintiff's motions, finding that jurisdiction was lacking and that, and in the alternative, that plaintiff had failed to state a claim. The clerk entered judgment and closed the case. Thereafter, plaintiff filed the instant motion.

## COURT'S DISCUSSION

A.  Standard of Review

Federal Rule of Civil Procedure 59(a) authorizes a district court to "grant a new trial on all or some of the issues" following a jury or bench trial. Fed. R. Civ. P. 59(a)(1). Under Rule 59(a), a motion for new trial should be granted if "1) the verdict is against the clear weight of the evidence, or 2) is based upon evidence which is false, or 3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Doe v. Fairfax County School Board, 1 F.4th 257, 269 (4th Cir. 2021).

Federal Rule of Civil Procedure 60(b) provides for relief from a judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n. 4 (4th Cir. 2011). Under Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious [claim or defense], and that the opposing party would not be unfairly prejudiced by having the judgment set aside." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quotation omitted). If a party meets these threshold conditions, "he must satisfy one of the six enumerated grounds for relief under Rule 60(b)." Id. Those grounds for relief are

> 1) mistake, inadvertence, surprise, or excusable neglect;
>
> 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> 3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> 4) the judgment is void;

5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

B.      Analysis

As noted above, the court granted defendants' motions to dismiss the case and no trial was held. Where Rule 59 requires that a trial be conducted before a party may move for a new trial, plaintiff's motion fails.

As for plaintiff's motion under Rule 60(b), one "threshold condition for granting the relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that she has a meritorious defense or claim." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990). "A meritorious defense [or claim] requires a proffer of evidence which would permit a finding for the [moving] party." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988); United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

Plaintiff fails to make this threshold showing. Plaintiff has offered no evidence in support of her motion, which "simply restates the procedural posture of this matter and cites to numerous inapplicable . . . federal statutes." Arroyo v. Merriweather, No. 3:20-CV-506, 2021 WL 3081061 at *2 (W.D.N.C. Jul. 21, 2021), aff'd No. 21-1669, 2021 WL 5492822 (4th Cir. Nov. 23, 2021). In addition, plaintiff does not specify any of the six enumerated grounds for relief. The court has already considered all the arguments raised in her motion in its order entered October 7, 2022.

## CONCLUSION

Based on the foregoing, plaintiff's motion for new trial and to amend the judgment (DE 50) is DENIED.

SO ORDERED, this the 4th day of April, 2023.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge